### CALE JOHNSON v. THE STATE.

No. 7071. Decided October 11, 1922.

Rehearing Denied December 20, 1922.

**1.—Transporting Intoxicating Liquor—Indictment—Purpose of Sale.**

Upon trial of transporting intoxicating liquor, there was no error in overruling a motion to quash the indictment for its failure to allege that the transportation was for the purpose of sale. Following Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep., 472, and other cases.

**2.—Same—Sufficiency of the Evidence—Possession—Requested Charge.**

Where, upon trial of unlawfully transporting intoxicating liquor, the evidence was sufficient to support the conviction, there was no reversible error, and there was no error in refusing a requested charge to return a verdict of not guilty, if the liquor was found in the coach but, was not in the possession of the defendant or anywhere near the defendant.

**3.—Same—Requested Charge—Reasonable Doubt—Rule Stated.**

Where defendant requested a special charge to the effect that the jury should acquit if they believed or entertained a reasonable doubt that the suit-cases containing the whisky were placed in the railway coach by someone other than the defendant, there was no error in refusal of such charge, and the rule that the accused is entitled to have his defense submitted in an affirmative way does not apply in the instant case.

**4.—Same—Rule Stated—Practice on Appeal—Sufficiency of Evidence.**

After the rendition of the verdict by the jury, and its approval by the trial judge, it is the duty and practice of the Court of Criminal Appeals in testing the sufficiency of the evidence to view it from the State's standpoint, and this being sufficient, there was no reversible error.

Appeal from the District Court of Titus. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wilkinson & Cook,* for appellant.

*R. .G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the transportation of intoxicating liquor, punishment assessed being two years in the penitentiary.

Appellant sought to quash the indictment for its failure to allege that the transportation was for the "purpose of sale." This exact question has been settled against appellant's contention in Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep., 472; Stringer v. State, 92 Texas Crim. Rep., 46, 241 S. W. Rep., 159; Ex parte Mitchum, 91 Texas Crim. Rep., 62, 237 S. W. Rep., 936; Copeland v. State (not yet reported).

The sufficiency of the evidence to sustain the conviction is questioned. The city marshal saw appellant with two suit cases going towards a passenger coach which was standing on a side track. The officer immediately followed and within two or three minutes found only appellant and the newsboy in the coach. In the negro compartment he found two suit cases containing four gallons of whisky. No other suit cases were in the coach. Appellant denied ownership, also denied that he had carried the suit cases and placed them in the car. A single question of fact was thus presented to the jury, which they settled in favor of the State. It was within their province to accept either statement, and we would not be authorized to disturb the verdict. There was no error in refusing the requested instruction to acquit. The court properly declined to instruct the jury to return a verdict of not guilty if the liquor was found in the coach but "said whisky was not in the possession of defendant or anywhere near the defendant." Appellant might not have been in possession of the whisky when it was found, nor near thereto, and still have been guilty of transporting it.

Appellant requested a special charge to the effect that the jury should acquit if they believed, or entertained a reasonable doubt, that the suit cases containing the whisky were placed in the coach by some one

other than accused. The contention is made that the failure to give such instruction was violative of the principle consistently recognized by this court that an accused is entitled to have his defense submitted in an affirmative way. We do not regard the refusal of the charge as an infringement upon the well established rule. No affirmative defense was presented by appellant. He simply denied the truth of the facts testified to by the State's witness. Under the facts of this case it occurs to us his defense was fully covered under the general charge of reasonable doubt and presumption of innocence.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

December 20, 1922.

MORROW, Presiding Judge.—After the rendition of the verdict by the jury and its approval by the trial judge, it is the duty and practice of the court of appeals in testing the sufficiency of the evidence, to view it from the State's standpoint.

In this case, the State's witness knew the appellant and saw him about fifty or seventy-five yards distant coming in the direction of the witness; that he saw him get up on a passenger coach which was standing on a certain track; that he was carrying two suit cases in his hands when he got on the coach and when he went in it. The witness followed him in and found therein no person save the appellant and the "News Butch," who were in the back end of the car. The car was divided into two apartments—one for whites and the other for negroes. The suit cases were found in the negro apartment. A search was made by the witness for other suit cases, but none were found. The suit cases contained several gallons of corn whisky.

No testimony was offered by the appellant except that he testified that he did not have the grips when he got on the car; that he did not have anything; that the whisky was not his.

As stated in the original opinion, there was a definite issue of fact. The State's witness testified that the appellant got on the car with grips in his hand. The appellant testified and admitted that he got on the car, but said that he had no grips with him at the time. It was in daylight, the view was not obstructed, and one or the other told the truth. If he had the grips and took them on the car, the circumstances, which are undisputed, are sufficient to identify them aside from the direct testimony of the State's witness. The law does not warrant a disturbance of the verdict by this court. The motion for rehearing is therefore overruled.

*Overruled.*