## A. W. DEAN v. THE STATE.

### No. 7213. Decided December 20, 1922.

**Transporting Intoxicating Liquors—Insufficiency of the Evidence—Circumstantial Evidence.**

Where, upon trial of unlawfully transporting intoxicating liquor, the evidence relied upon for a conviction is wholly circumstantial and proof was required that in some way the defendant moved the liquor from one place to another, and the testimony was not sufficient to exclude every reasonable hypothesis save that of the guilt of the defendant, the conviction cannot be sustained. Following, Hogan v. State, 13 Texas Crim. App., 319, and other cases.

Appeal from the District Court of Gray. Tried below before the Honorable W. R. Ewing.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Cocke & Gribble,* for appellant.—On question of circumstantial evidence, Tolbert v. State, 217 S. W. Rep., 153; Wales v. State, 217 id.; 384; Wilkie v. State, 203 id., 1091.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The evidence relied on is wholly circumstantial. It is the State's theory that the appellant transported whisky in an automobile. The evidence supporting this theory is that the appellant and one, Vincent, rode in an automobile out of the town of Pampa on the main traveled road. A deputy sheriff, entertaining a suspicion that they had intoxicating liquor in their car, followed them a distance of about half a mile. This officer saw the appellant and his companion stop their car, get out of it and walk from one side of the road to the other two or three times. The car was stopped for about ten minutes when the appellant and his companion left the car on foot, and when about 200 yards from it, they were met by the officer. Appellant and his

companion stated that they were out of gasoline and received some from the officer and his companion. The car was searched but was found to contain no liquor. The appellant and his companion were put under arrest, and the parties went back to the point at which the car had stopped and near there was found a soda-pop or Bevo bottle about half full of whisky. They also found under the fence adjoining the public road three half-gallon jars of whisky on one side of the road and three quarts on the other. These the officers took possession of. At the time that the appellant and his companion were seen to get out of the car and go from one side of the road to the other, the officer who saw them was about half a mile distant from them. He does not claim to have seen them take anything out of the car or to have identified the liquor found in any way. Appellant, at the time of his arrest, declared that at the point where he had gotten out of the car, he had lost a ring on the night before and got out to look for it. He disclaimed any connection with the whisky and said that after he got out of the car, he discovered that his gasoline was about out and that he walked back for the purpose of obtaining more. This evidence, it is conceived is not sufficient to exclude every reasonable hypothesis save that of the guilt of the appellant. It does not exclude the hypothesis that the liquor found had been placed where the officers discovered it by some other person at some other time, nor that coming from the declaration of appellant introduced by the State to the effect that appellant was searching for his ring. Conceding that appellant had knowledge of the location of the liquor, or that it was his intent to remove it, still the nature of the offense required proof that in some way he moved it from one place to another.

There was no circumstance proved indicating that the car in which they were riding bore any evidence of having been used to ‘carry intoxicants; there is no evidence that the whisky in question was ever in the town of Pampa; nor that the appellant was in possession of any. It was never seen in his car, and on the whole, the evidence falls short in establishing to a moral certainty the guilt of the appellant. The law requires that there be facts proved beyond a reasonable doubt which overcome the presumption of innocence and exclude every reasonable hypothesis save that of guilt. Poque v. State, 12 Texas Crim. App., 282; Hogan v. State, 13 Texas Crim. App., 319; Gay v. State, 42 Texas Crim. Rep., 450; Hernandez v .State, 72 S. W. Rep.. 840; Clifton v. State,39 Texas Crim. Rep., 619; Wales v. State, 86 Texas Crim. Rep., 183, 217 S. W. Rep., 384.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*