PETE MARINKOVICH v. THE STATE.

No. 7665.   Decided October 31, 1923.

Rehearing denied November 28, 1923.

1.—Transporting Intoxicating Liquor—Indictment.

Where, upon trial of transporting intoxicating liquor, the indictment followed approved precedent, there was no error in overruling a motion to quash. Following Crowley v. State, 92 Texas Crim. Rep., 103, and other cases.

2.—Same—Circumstantial Evidence—Charge of Court.

Where, upon trial of transporting intoxicating liquor, the evidence showed that defendant was seen driving the car from which he was seen to throw the whisky, this takes the case out of the domain of circumstantial evidence, and there was no error in refusing a requested charge thereon. Distinguishing Dean v. State, 93 Texas Crim. Rep., 132, and other cases.

3.—Same—Argument of Counsel.

The complaint of argument of counsel must always be considered in the light of the fact under discussion, and the fact that the assistant district attorney, during his closing argument, said that the defendant was guilty of transporting intoxicating liquor was not reversible error. Following Young v. State, 19 Texas Crim. App., 536, and other cases.

4.—Same—Rehearing—Circumstantial Evidence.

Where the testimony in the case made out a case of transporting intoxicating liquor in violation of law, by direct testimony, there was no error in refusing a requested charge on circumstantial evidence.

5.—Same—Argument of Counsel.    -

Where the statement made by the prosecuting attorney that the defendant was guilty of transporting intoxicating liquor was entirely susceptible of the interpretation that said attorney was asserting the guilt of the accused, under the evidence, there is no reversible error. Following Henry v. State, 38 S. W. Rep., 802.

Appeal from the Criminal District Court of Tarrant: Tried below before the Honorable George E. Hosey.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Baskin, Eastus & Greines* for appellant. On question of circumstantial evidence, Dean v. State, 245 S. W. Rep., 921, and cases cited in the opinion.

On question of argument, Parroccini v. State, 234 S. W. Rep., 673.

*R. G. Storey,* Assistant Attorney General, *R. K. Hanger,* Criminal District Attorney, and *W. H. Tolbert* and *J. B. Martin,* Assistants District Attorney, for the State. On question of circumstantial evidence, Egbert v. State, 176 S. W. Rep., 560; Williams v. State, 124 id., 955.

HAWKINS, JUDGE.—Conviction is for the transportation of intoxicating liquor with punishment assessed at one year in the penitentiary.

Motion was presented to quash the indictment alleging that it charged no offense against the law. The motion does not set out in what particular the indictment is thought to be imperfect and an

inspection of it reveals no defect. See Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep., 472; Johnson v. State, 93 Texas Crim. Rep., 150, 245 S. W. Rep., 710.

Officer Rhodes testified that about seven-thirty o'clock at night he saw the lights of an automobile some distance away approaching him; that as the car neared witness he stepped out of his own car and ordered the driver of the approaching car to stop; that instead of heeding the command the car was speeded up; that he fired one shot as it passed and the driver brought the car to a standstill about one hundred yards further down the road; that he ran after the car and when within about twenty steps of it he saw appellant throw two sacks out which upon examination were found to contain five half-gallon jars filled with whisky and the remanents of ten more jars which had been broken. Ten tops were found in the sacks corresponding to the broken jars. The sacks were wet and bore the odor of whisky.

J. N. Dyer, who was with officer Rhodes at the time the car driven by appellant was stopped, testified substantially as did Rhodes, with the exception that Dyer was further behind in approaching appellant's car and did not see the whisky thrown out. When he reached the car one sack was lying partly upon the running board and the other one lying near it. He supports Rhodes relative to the contents of the two sacks.

Appellant contends he was entitled to a charge upon circumstantial evidence. Appellant introduced no evidence whatever.

There is no merit in the contention that the case is one depending on circumstantial evidence alone. The cases cited by appellant in support of his proposition are Dean v. State, 93 Texas Crim. Rep., 132, 245 S. W. Rep., 921; Ellsworth v. State, 92 Texas Crim. Rep., 334; 244 S. W. Rep., 147; Wales v. State, 86 Texas Crim. Rep., 183; 217 S. W. Rep., 384; Joyce v. State, 90 Texas Crim. Rep., 265, 234 S. W. Rep., 895. They sustain the rule that where there is no direct evidence a charge on circumstantial evidence must be given, but each of them presents a vastly different state of facts than are found in the present case. Here appellant was seen driving the car from which he was seen to throw the whisky. This takes the case out of the domain of circumstantial evidence.

Appellant complains that while the assistant district attorney was making the closing argument he made the statement, "The defendant is guilty of transporting intoxicating liquor."

The remark was objected to at the time and a special charge prepared instructing the jury not to regard it, but a controversy arose between the district attorney and counsel for appellant as to whether the assistant district attorney in his statement had not added the words "under the law," and because of the controversy the requested charge was not given. Under the facts in the present case

we regard the controversy as to whether the additional words were added as being immaterial. We have been cited to no case decided by this court in which language similar to that complained of has been held reversible even where the court declined to give a special charge withdrawing the same. The language complained of may very reasonably bear the construction that the assistant district attorney was not stating to the jury his personal belief as to the guilt of appellant but was stating his conclusion from the facts in evidence.

As was said in Young v. State, 19 Texas Crim. App., 536:

"While it is true that authors in treating upon this subject say that counsel either for or against the prisoner should never express their opinion as to the guilt or innocence of the accused, yet we would hesitate at this day to reverse a judgment because of a violation of this rule."

To the same effect is Kennedy v. State, 19 Texas Crim. App., 618; See also, Spangler v. State, 42 Texas Crim. Rep., 233; Hawkins v. State, 71 S. W. Rep., 756; Hinton v. State, 65 Texas Crim. Rep., 408, 144 S. W. Rep., 617. The complaint of argument must be always considered in the light of the facts under discussion and we do not regard the matter here presented as of serious import. In no possible way could it have injured appellant. The facts were conclusive as to his guilt, and the lowest punishment was assessed.

Finding no error which would call for a reversal, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### November 28, 1923.

LATTIMORE, JUDGE.—Apellant insists that upon the authority of Newton v. State, 94 Texas Crim. Rep., 288, this is a case of circumstantial evidence and that we erred in sustaining the refusal of the learned trial court to so charge. The Newton case readily differentiates itself from this upon the facts, and every case must be decided upon those principles of law applicable to the particular facts. In said case three men drove a car to a given house where it remained for some time; while there some one put a sack of bottled liquor in the car. Three men had gone in the car to said place. It appears that two of them testified on the trial, one of whom was the appellant. He testified that he did not place the liquor in the car and did not have any connection with it at all, but that same was placed in said car by the third man, who was dead at the time of trial. The man who was driving the car at the time it was stopped and the bottled liquor found therein, testified that he did not know who placed said

sack in the car. The charge against the appellant in that case was the possession of liquor for purposes of sale. Manifestly under such testimony the question of whether the liquor was in the possession of the appellant for purposes of sale was dependent upon circumstantial evidence. In the instant case a car driven by appellant approached and passed two witnesses who called to him to stop. After running about one hundred yards past said witnesses who were officers, the car stopped and, according to the State's witnesses, appellant was seen to throw out of said car two sacks containing jars of whisky. The charge laid against appellant was transporting intoxicating liquor. That these facts make out a case of such transportation by direct testimony, seems clear.

Nor are we able to agree that the statement in the argument by the State's attorney that the defendant was guilty of transporting intoxicating liquor, was a transgression of the rules regarding the statement of the attorney's personal opinion of the guilt of the accused. It is also true that rules relative to this must depend upon the facts of the particular case. Appellant cites Cooksie v. State, 26 Texas Crim. App., 81, as upholding his contention, An analysis of the opinion in that case reveals that this court held the argument erroneous because of that part thereof in which the State's attorney begged the jury not to convict the accused of a misdemeanor because in such case he would have to lie in jail at the expense of the county. We think the statement made by the prosecuting attorney in the case now before us entirely susceptible of the interpretation that said attorney was asserting the guilt of the accused under the evidence. See Henry v. State, 38 S. W. Rep., 802, for a case in which much stronger statements were made than that now before us, in which this court held it not reversible error.

Appellant's motion for rehearing will be overruled.

*Overruled.*