VIRGIL STALCUP V. THE STATE.

No. 17773.   Delivered January 8, 1936.
Rehearing Denied March 25, 1936.

The opinion states the case.

*W. D. Benson, Jr.,* and *Hugh Anderson,* and *Robert J. Allen,* all of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder and his punishment was assessed at death.

On or about the 27th day of October, A. D. 1934, while the appellant, Clarence Brown, W. J. Yarborough and a few other persons were confined·in the Dickens County jail, the appellant and Clarence Brown shot and killed the sheriff and made their escape in the sheriff's car. They were later arrested in Harris County, Texas, returned to Dickens County where they were indicted for said offense. The venue was changed from Dickens County to Lubbock County where appellant was tried for the murder of the sheriff, resulting in a conviction as above stated.

The appellant's first complaint is that the court erred in declining to sustain his motion to quash the venire of talesmen summoned by the deputy sheriff because he, the deputy sheriff, had made a list of names of persons whom he summoned and who he knew were strong State's jurors and who were the personal friends of said officer, and purposely summoned men as talesmen whom he knew would convict appellant of the offense of which he was charged. The court heard testimony in support of the motion and at the conclusion thereof overruled it. There is no testimony which shows that the officer in the selection and summoning said talesmen acted corruptly, or intentionally summoned men who were disqualified as jurors or who had heard of the case and had formed an opinion as to appellant's guilt. No act of partiality on the part of the officer is shown. We are of the opinion that appellant's contention is not sustained by any testimony and therefore overrule the same.

By bills of exception numbers one to fifteen, both inclusive, appellant complained of the action of the trial court in permitting the district attorney to introduce as evidence a number of indictments returned by the grand juries of Wichita, Wilbarger, Potter, and Lamb Counties charging the appellant with

the offense of burglary and robbery together with the judgments of conviction based thereon and the sentences pronounced upon him in each instance. These bills of exception show that the convictions were for various terms from five years up to life imprisonment. The court admitted the same as evidence on the theory of motive and intent.

The appellant contends that inasmuch as he was confined in the jail of Dickens County by reason of a bench warrant issued out of the district court of said county based upon an indictment returned against him on the 23rd day of August, 1934, by the grand jury of said county and not on the former convictions, therefore, the former convictions, indictments, and sentences were not admissible on any issue as they merely showed extraneous offenses and were highly prejudicial. The appellant entered a plea of not guilty which placed the burden of proof of the whole case upon the State. He did not testify and did not offer any testimony other than a complaint filed in the Justice Court of Dickens County charging Clarence Brown with murder of W. B. Arthur, the sheriff of said county. He also introduced two indictments returned against Clarence Brown by the grand jury of Robertson County in 1928, the judgments of conviction based on each indictment and the sentences pronounced upon him, each case ranging from two years up to life imprisonment. The bench warrant issued by the court based upon the indictment returned by the grand jury of Dickens County was admissible as evidence to show that appellant was legally confined in jail and to show motive on his part to escape. However, we do not believe that the State was confined in establishing motive and intent to said indictment alone because he had not been tried and had not been adjudged guilty and the result of the trial was still uncertain but the former convictions in Wilbarger, Wichita, Potter, and Lamb Counties were definitely settled which he was required to serve regardless of what the result of the trial would be on the charge of robbery then pending against him in Dickens County. He knew that the former convictions had closed the doors leading to freedom; that his legal right to liberty was already foreclosed; that the only means by which he could regain his liberty was to escape and this he might be willing to attempt at any price, even at the cost of human life. Hence, it is obvious that he might have been moved by the former convictions to resort to desperate and extreme means in trying to regain his liberty.

It occurs to us that the former convictions might have a

distinct bearing upon his desire to escape and the degree of reckless desperation with which it might be attempted. One charged with petty theft would not have the same degree of motive to escape as one charged with robbery. One charged with burglary would not reasonably be expected to resort to the same extreme means to enable him to escape as one who had already been convicted and sentenced to life imprisonment. If appellant had been in custody on a misdemeanor charge such as simple assault or aggravated assault, it would not seem reasonable that he would have resorted to such extreme means in order to escape from jail (he had killed the sheriff), and it occurs to us that the former convictions were admissible as tending to show the inducing cause which moved him to resort to such reckless and desperate means of regaining his liberty as was done in the instant case and, therefore, the former convictions would be admissible on the issue of motive and intent. The court in his charge limited said testimony to the purpose for which it was admitted. We, therefore, overrule the appellant's contention. See People v. Scheck, 91 A. L. R., 1472, (190 N. E., 108); Vines v. State, 67 Texas Crim. Rep., 355, 148 S. W., 727.

We have examined the bills of exception relating to the arguments of the prosecuting attorneys and considered these without regard of the court's attempted qualifications as well as all of the other bills of exception together with the objection to the court's charge and reached the conclusion that none of them disclose any reversible error. It is, therefore, ordered that the judgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—As first ground of his motion for rehearing appellant again urges that error was committed by the trial court in permitting the State to show prior indictments of appellant for various felonies, convictions thereof, and unserved sentences thereunder. We remain of opinion that the holding of our own court in Welk v. State, 99 Texas Crim. Rep., 235, 265 S. W., 914, and Vines v. State, 67 Texas Crim. Rep., 355, 148 S. W., 727, supports the action of the trial court.

The reasoning in the case of People v. Scheck, 356 Ill., 56, 190 N. E., 108, 91 A. L. R., 1472, where similar evidence was challenged, seems unanswerable.

As the second ground for rehearing appellant says this court did not discuss the point raised by him in exception to the court's charge, and by special requested instruction that the court should have submitted to the jury whether Yarbrough, Hall and Squyers were accomplice witnesses. This has made it necessary to re-examine the facts. After having done so we fail to discover the evidence which raised any such issue.

As the third ground of the motion for new trial appellant again urges complaint of three arguments of counsel representing the State, and calls attention to the fact that the bills complaining thereof were not discussed in our original opinion. They were not overlooked. In our judgment they presented no reversible error. Our view remains unchanged, but the death penalty having been assessed, we now discuss the bills. The language of State's counsel objected to, as shown in bill number twenty-one, is as follows:

"Gentlemen, when a juror is impaneled in Lubbock County to try Clarence Brown, they'll send him to his doom."

No recitals in the bill advise us of the setting in which such argument appeared; that is, of what preceded or followed it. We know from the record that Brown escaped from jail with appellant and was a co-actor with him in killing the sheriff in order to effect escape. The jury knew that counsel was only indulging in guess or prophecy as to what some other jury would do when Brown was tried. We can not attribute to it the serious consequences claimed by appellant.

Another argument complained of was that one of State's counsel said:

"I am serious in what I am telling you, and I am thoroughly sold on the State's side of the case, and I actually believe what I am saying, and I believe that this jury should inflict the death penalty."

The bill fails to show that counsel who made the argument had any knowledge of the case save that obtained from the evidence. The argument can reasonably be construed in no other light than an expression from counsel that in view of such evidence the death penalty should be inflicted. We see no error in this. Marinkovich v. State, 96 Texas Crim. Rep., 59, 255 S. W., 734; Young v. State, 19 Texas Crim. App., 536.

Another statement made by State's counsel and complained of was:

"If I didn't kill him, when Creola in her innocent way of hers, and ask 'Did you kill my Daddy'—My God, if I hadn't done it, I would have denied it."

The objection urged was that the langauge was "highly prejudicial, inflammatory and not supported by the evidence." Creola Arthur was the twelve-year-old daughter of the slain sheriff. When the shooting of her father occurred she was in the front part of the jail residence; when she heard the noise she ran out the front and around to the back door where she saw the key turning in the lock. The door opened and appellant and Brown appeared coming out of the door. Appellant had a pistol in his hand; upon seeing this the child asked appellant if he had killed her daddy. Appellant mumbled something and he and Brown passed out, got in the sheriff's car and made their escape. It was this incident—a part of the res gestae—to which counsel alluded in his argument. We can see no basis for any complaint thereof.

On account of the severity of the punishment we have again carefully reviewed the record. The punishment inflicted seems to have been richly deserved. We find no errors committed on the trial which would authorize interference with the execution of the judgment.

The motion for rehearing is overruled.

*Overruled.*