ELMO BANKS v. THE STATE.

No. 18456.   Delivered June 10, 1936.

The opinion states the case.

*Tom Garrard* and *B. P. Maddox,* both of Tahoka, for appellant.

*Truett Smith,* District Attorney, of Tahoka, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being assessed at death.

Appellant was charged with killing F. E. Redwine on March 6th, 1936, at which time deceased was deputy sheriff of Lynn County, Texas, and in charge of the jail. Appellant was in jail, having been confined there since February 26th on a charge of incest. Appellant is a negro. He and two white prisoners were in the "run-around" together. There are separate cells for white and negro prisoners. About seven o'clock in the evening deceased went into that part of the jail where appellant and the two white prisoners were to lock them in the cells for the night. He locked the white men in their cells and passed out of their sight with appellant going to the negro cells. The white men heard scuffling and heard deceased say several times, "Don't do it, don't do it." One of the white prisoners heard no reply from appellant, and the other one heard him say, "Yes I is, Mr. Ed." They then heard three shots in rapid succession. What occurred is revealed in the dying statement of deceased, which is as follows:

"* * * He said he went up to the jail for the purpose of transferring the defendant; he said he was in the act of transferring the defendant from the run-around to the negro part of the jail, and there was no one present in that particular part of the jail but he and the defendant, and he said the defendant grabbed his gun and started shooting. He stated the defendant came up on him from behind and took the gun away from him from behind and he said when he grabbed the gun he started shooting, and he was begging him all the time not to shoot, and he said the first shot he fell to the floor and the defendant continued to shoot, and he repeated it several times, 'Do not do it; do not do it;' he said the defendant fired five times in all, and previous to the shooting had made no demand

on him for the keys or the gun, and that after he had shot him the fifth time the gun either snapped or jammed, I do not recall the exact word, but he did say he was trying to shoot again, and something happened to the gun. He said no more other than he stated the defendant did not say a word before he started to shoot and after taking his gun and keys he left the keys in the door."

Appellant claimed that deceased threatened to kill him, and started to draw his pistol, that appellant took it away from deceased who then acted like he had another pistol, and that appellant shot in self defense. After shooting the officer appellant escaped from jail and was recaptured the night of March 7th. He was then in possession of deceased's pistol.

Clyde Jones was janitor of the court house. The jail was on the fourth floor. At the time of the shooting Jones was in the basement and heard the shots. He heard deceased scream and as soon as he could locate the place the screams were coming from he immediately started towards them and met deceased, who said to witness, "Elmo shot me; Elmo shot me, Clyde, Elmo shot me." The statement of deceased was objected to as not being res gestae. Jones was the first party to reach deceased, within a very few minutes after the shooting. The statement was made without any question from Jones, and was an instinctive and spontaneous expression. Deceased was suffering intensely. The trial court's qualification to the bill as well as the entire record shows that the statement was res gestae and properly admitted as such. See 18 Tex. Jur., Sec. 182; Branch's Ann. Tex. P. C., Sec. 83.

By bill of exception number two appellant complains because the court permitted the State to introduce in evidence a 45 caliber U. S. Army double action Colt revolver, the objection being that the introduction of the pistol could not solve any disputed issue in the case. The State claimed that appellant killed the officer with the latter's own gun after disarming the officer. The pistol introduced in evidence was identified as the one which had belonged to the officer, and it was the one taken from appellant at the time of his arrest after killing the officer and escaping from jail. What was said in Bilberry v. State, 113 Texas Crim. Rep., 9, 18 S. W. (2d) 615, seems applicable here. "As we understand it, the State, unless under most unusual circumstances, may in making out its case introduce the weapons with which the crime is committed and the bullets found in deceased's body." See also 18 Tex. Jur., p. 334, Sec. 207.

By bill of exception number three appellant complains because the State was permitted to prove over appellant's objection by a witness who had been in jail with appellant that he had heard appellant talking to other prisoners about breaking out of jail by going through the walls, but later abandoned that idea, and then proposed that "he would jerk B. L. Parker's feet out from under him and wanted the rest to help him but nobody would offer to help him and it just dropped there." The objection urged was that what appellant said about Parker would solve no issue in the case. The evidence showed that Mr. Parker was the sheriff, and that he usually waited on the jail, but was absent at the time of the killing and in his stead deceased was looking after the jail and prisoners. The evidence was admissible as showing that appellant was contemplating an escape even if violence towards the keepers of the jail was necessary to effect it. The evidence went to show a premeditated design, hence malice and motive.

Bill of exception number four brings forward complaint at the action of the trial court in permitting the sheriff to testify that he had appellant under arrest and was holding him in jail upon a charge of incest. Appellant objected to proof upon what charge appellant was being held in that it was proving against appellant an extraneous crime in the absence of any exception making such proof admissible. The opinions of this court in Welk v. State, 99 Texas Crim. Rep., 235, 265 S. W., 914, and Stalcup v. State, 92 S. W. (2d) 443, with the authorities therein cited seem to be a complete answer to appellant's objection.

The fifth and last bill of exception complained at the introduction in evidence of the dying declaration of deceased testified to by Burton S. Burke, Assistant District Attorney, and already set out in our opinion. The objection interposed was that no sufficient predicate had been laid for the admission of said declaration. The evidence shows conclusively that appellant was rational when said statement was made, and that he was conscious of approaching death. He seemed to realize from the first that the wounds were fatal, and had told the doctor that he (deceased) knew the doctor was going to do all he could but that he (deceased) knew he was going to die. The record leaves no room for doubt as to the predicate being sufficient to admit the declaration.

We find no errors in the record.

The judgment is affirmed.

*Affirmed.*