**Frederick Everett ZUCKERMAN,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62492.**

Court of Criminal Appeals of Texas,
Panel No. 2.

Nov. 21, 1979.

Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary of a habitation. Punishment was assessed by the jury at ten years and appellant was put on probation.

The record is before us without a transcription of the court reporter's notes or bills of exception. No brief was filed in the trial court in appellant's behalf pursuant to Art. 40.09(9), V.A.C.C.P., and there is no showing of indigency. Nevertheless, the record presents fundamental error that requires our review in the interest of justice.

It appears from the jury charge in this case that appellant was tried jointly with Michael Vincent Zuckerman, who was charged in a separate indictment. In the paragraph of the court's charge that applied the law to the facts, the jury was instructed:

"Now, if you find from the evidence beyond a reasonable doubt that the Defendants, Frederick Everett Zuckerman and Michael Vincent Zuckerman, *or either of them*, in Harris County, Texas, on or about December 21, 1977, did enter a building then and there occupied, controlled and in the possession of Gloria J. McKinzie, hereinafter called owner, without the effective consent of said owner, and that such building was then and there an enclosed structure intended for use or occupation as a habitation, as that term has been defined, and that the Defendants, *or either of them*, at the time of such entry, if any there was, had the intent then and there to take and exercise control over the corporeal personal property therein being and owned and belonging to said owner, without the effective consent of said owner, with intent to deprive the owner of said property, then you will find the Defendants, *or either of them*, guilty as charged in the indictments.

"Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendants, or either of them." (Emphasis added.)

A jury charge is fundamentally defective if it omits an essential element of the offense or authorizes conviction on a set of facts that do not constitute an offense. *Cumbie v. State*, Tex.Cr.App., 578 S.W.2d 732. The charge in this case authorized the jury to convict appellant for burglary even if they found that his codefendant was the guilty party. Such a verdict was authorized even *without* a finding that appellant was guilty as a party to the offense. In fact, the charge is completely silent on the law of parties.

It is essential to a conviction for any offense that the accused be criminally responsible either because it is committed by his own conduct or by the conduct of another for whom he is criminally responsible. See, V.T.C.A. Penal Code Secs. 6.01 and 7.01. In this case the jury was authorized to convict appellant on a finding that his co-defendant committed the offense, without a finding that appellant personally committed the offense, or that he was criminally responsible for the acts of his co-defendant. It thus authorized conviction on a set of facts that would not constitute an offense for which he was criminally responsible. As such, the jury charge is fundamentally defective.

The judgment is reversed and the cause remanded.