Michael Vincent ZUCKERMAN,
Appellant,

v.

The STATE of Texas, Appellee.

No. 62493.

Court of Criminal Appeals of Texas,
Panel No. 2.

Dec. 5, 1979.

Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Appellant entered a plea of not guilty before a jury to the offense of burglary of a habitation. V.T.C.A. Penal Code, § 30.02.

He was convicted, and the jury assessed punishment at imprisonment for 10 years (probated).

The record is before us without a transcription of the court reporter's notes or bills of exception. No brief was filed in the trial court in appellant's behalf pursuant to Article 40.09, § 9, V.A.C.C.P., and there is no showing of indigency. But as in the companion case of *Zuckerman v. State,* 591 S.W.2d 495 (Tex.Cr.App., 1979), we now find fundamental error that requires our review in the interest of justice under Article 40.09, § 13, V.A.C.C.P. The prior opinion is withdrawn.

It appears from the jury charge in this case that appellant was tried jointly with Frederick Everett Zuckerman, who was charged in a separate indictment. In the paragraph of the court's charge that applied the law to the facts, the jury was instructed:

"Now, if you find from the evidence beyond a reasonable doubt that the Defendants, Frederick Everett Zuckerman and Michael Vincent Zuckerman, *or either of them,* in Harris County, Texas, on or about December 21, 1977, did enter a building then and there occupied, controlled and in the possession of Gloria J. McKinzie, hereinafter called owner, without the effective consent of said owner, and that such building was then and there an enclosed structure intended for use or occupation as a habitation, as that term has been defined, and that the Defendants, *or either of them,* at the time of such entry, if any there was, had the intent then and there to take and exercise control over the corporeal personal property therein being and owned and belonging to said owner, without the effective consent of said owner, with intent to deprive the owner of said property, then you will find the Defendants, *or either of them,* guilty as charged in the indictments.

"Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will ac-

quit the Defendants, or either of them." (*Emphasis* added.)

For the same reasons given in *Zuckerman*, supra, the jury charge is fundamentally defective.

The judgment is reversed and the cause remanded.