### J. O. HUFFMAN v. THE STATE.

No. 3556. Decided February 7, 1906.

**Disturbing Peace—Boarding-House—Public Place—Information—Arrest of Judgment.**

Upon a trial for disturbing the peace, where the information alleged that defendant went into or near a public place; to wit, "the boarding-house of Mrs. R.," etc., without averring the facts which made said boarding-house a public place, the same was bad on motion in arrest for judgment.

Appeal from the County Court of Clay. Tried below before Hon. S. A. Benny.

Appeal from a conviction of disturbing the peace; penalty, a fine of $1.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Motion was made in arrest of judgment, because the complaint and information are not sufficient. It charges appellant with going into and near a public place, to wit: "the boarding-house of Mrs. J. H. Richardson," and then follows the further statement that he disturbed the peace there by using obscene, vulgar, and indecent language in a manner calculated to disturb the inhabitants of said public place. We believe the motion should have been sustained. "A boarding-house" is not per se a public place. It is not so named in the statute. Dailey v. State, 27 Texas Crim. App., 569; Metzer v. State, 31 Texas Crim. Rep., 11; Nail v. State, 50 S. W. Rep., 705. A "boarding-house" not being a public place per se, and is not named in the statute, it is not sufficient to aver that a boarding-house is a public place; the facts must be stated or alleged which constitute it such public place. Fossett v. State, 16 Texas Crim. App., 375; Tummins v. State, 18 Texas Crim. App., 13; and cases cited supra. Mrs. Richardson testified that hers was a private boarding-house. In Com. v. Cuncannon, 3 Brews. (Pa.) 347, it was held that the proprietor of a private boarding-house is a private housekeeper, and this irrespective of the numbers of boarders who may be kept. The court said in that case, as follows: "It will hardly be contended that it is any the less a private house because it contained one such person and the moment that is admitted there is an end of this difficulty, for we can not draw the line, and so, one, two or six persons may be lodged in the house and it still be private, but that the moment it reaches seven it becomes a public house. The true distinction is perfectly well understood. A public house is for the entertainment of all who come lawfully and who pay regularly. The boarding-house is for the accommodation only of those who are accepted as guests by the proprietor. Such an establishment is as much a private house as if there were no boarders." To the same effect is Foster v. State, 84 Ala., 452. It is sometimes rather difficult to draw the line and distinction between what constitutes an inn and a boarding-house. Generally speaking it may be said that a boarding-house entertains guests under an express contract at a certain rate for a given period of time. In an inn, however, there is no express agreement: the guest is entertained from day to day, according to his business. An innkeeper is bound to receive all who apply, if in fit condition to be entertained or received, while a boarding-house keeper is not bound to receive anybody, except on special contract. Cady v. McDowell, 1 Lans. (N. Y.), 487; Willard v. Reinhardt, 2 E. D. Smith (N. Y.), 148, 2 Kent's Com., 595; Thompson v. Lacy, 3 B. & Ald., 285, 5 E. C. L., 285; Holder v. Soulby, 8 C. B. N. S., 254; 98 E. C. L., 254; Dansey v. Richardson, 3 El. & Bl., 144, 77 E. C. L., 144. The term "boarding-house" not having been named in the statute and not being per se a public place, sufficient facts must be alleged in the information to constitute it a public place. This has been held in regard to a gin, as Daley's case, supra; and in regard to a livery stable, in Metzer's case,

supra. We are of opinion that the authorities cited are sufficient to show beyond question that the information herein is not sufficient in regard to the matter which formed the basis of the motion in arrest of judgment.

Because the complaint and information are insufficient, the judgment is reversed and the prosecution order dismissed.

*Reversed and dismissed.*