### J. W. COLE v. THE STATE.

#### No. 4456. Decided April 25, 1917.

**Unlawful Assembly— Information—Intent—Pleading.**

Where, upon trial of a violation of articles 435 et seq., Penal Code, defining an unlawful assembly, the information failed to allege that defendant with the other persons named therein unlawfully assembled with intent to aid each other by violence, etc., to prevent the street car employees named from pursuing their labor, etc., the same was bad on motion to quash.

Appeal from the County Court of El Paso. Tried below before the Hon. E. B. McClintock.

Appeal from a conviction of a violation of the unlawful assembly statute; penalty, a fine of two hundred and fifty dollars.

The opinion states the case.

*M. W. Stanton* and *Hudspeth & Dale,* for appellant.—On question of insufficiency of information: Blackwell v. State, 30 Texas Crim. App., 672; McGehee v. State, 23 id., 330.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—This is an appeal from a conviction of "unlawful assembly" with a fine of $250 assessed.

The statutes prescribing this offense as applicable herein are: Article 435, P. C.: "An 'unlawful assembly' is the meeting of three or more persons with intent to aid each other by violence, or in any other manner either to commit an offense, or illegally to deprive any person of any right, or to disturb him in the enjoyment thereof."

And article 445, P. C.: "If the purpose of the unlawful assembly be to _prevent any person from pursuing any labor, occupation or employment, or to intimidate any person from following his daily avocation, or to interfere in any manner with the labor or employment of another, the punishment shall be by fine not exceeding five hundred dollars."

The information, which is based upon a complaint to the same effect, after the proper and necessary preliminary allegations, was in two counts. The second, under which this conviction was had, is:

"That said J. W. Cole did then and there unlawfully assemble and meet together with E. L. Ligon, P. T. Carmody, C. C. Smith, Sam Collins, A. J. Reynolds, H. Canfield and three and more persons whose names to the assistant county attorney are unknown, with the intent and purpose to illegally prevent Albert Kuehme and ———— Brown from pursuing and to deprive him and them from the enjoyment of his and their rights to pursue the labors, occupations and employment of operatives of the street cars of the El Paso Electric Railway Company, a corporation, they then and there being engaged and employed by said El Paso Electric Railway Company as motorman and street car conductor on said car, and to intimidate said Kuehme and Brown from following and pursuing his and their said daily vocations, the same being the usual and ordinary occupations of Kuehme and Brown, and to interfere with the labor and employment of said Kuehme and Brown as street car motorman and conductor, as aforesaid, against the peace and dignity of the State."

Appellant attacked this count of the information and moved to quash it on the ground that it failed to allege, in accordance with said article 435, that appellant with the other persons named therein unlawfully assembled "with intent to aid each other by violence," etc., for the purpose of preventing said street car employees named from pursuing their labor, etc. This allegation was necessary to a valid complaint and information against appellant. The allegations made do not meet this requisite. The court, therefore, erred in not quashing this count of the information and in not granting a new trial when conviction was had thereunder.

For this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*