## J. WEINBERGER v. THE STATE.

No. 18519.  Delivered November 12, 1936.

The opinion states the case.

*Tom Sanders, Fred L. Perkins,* and *W. O. Dailey,* all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of operating an open saloon, and his punishment was assessed at a fine of $425.00.

Appellant's main contention is that the court erred in overruling his motion to quash the information on the ground that it was uncertain, vague, and indefinite, and does not apprise the defendant of the exact nature of the offense with which he is charged, and that it did not charge any offense against the laws of the state. Omitting the formal parts, the information reads as follows: "that J. Weinberger, heretofore on the 9th day of January, A. D. 1936, in said county and state, did then and there operate and assist in operating an open saloon, and was then and there directly interested and indirectly interested in the operation of an open saloon. Against the peace and dignity of the State."

Art. 666—3, Penal Code, reads as follows:

"(a) The term 'open saloon,' as used in this Act, means any place where any intoxicants whatever, manufactured in whole or in part by means of the process of distillation, or any liquor composed or compounded in part of distilled spirits, is sold or offered for sale for beverage purposes by the drink or in broken or unsealed containers, or any place where any such liquors are sold or offered for sale for human consumption on the premises where sold.

"(b) It shall be unlawful for any person, whether as principal, agent or employee, to operate or assist in operating, or to be directly or indirectly interested in the operation of any open saloon in this State.

"(c) It shall be unlawful for any person who is authorized

by law to sell malt or vinous liquors for consumption on the premises where sold, or any person who acts as agent or employee of any person, firm, or corporation authorized to sell malt or vinous liquors for consumption on the premises where sold, to have in his possession, at or near the premises where such malt or vinous liquors are sold for such purpose, any liquor produced by the process of distillation or any liquor containing alcohol in excess of fourteen per cent (14%) by volume."

Subsection (d) of said article prescribes the penalty for violation of subsections (a), (b), and (c).

The averment in the information that J. Weinberger on or about the 9th day of January, 1936, did then and there operate an open saloon and was directly or indirectly interested in the operation of an open saloon is but a legal conclusion of the pleader. No fact or facts are stated which would bring the place within the statutory definition of an open saloon. In order to charge an offense under said article of the statute above quoted it was necessary to allege sufficient facts to show that the place alleged to have been operated by him comes within the statutory definition of an open saloon. Ordinarily that which is necessary to be proven to show that an offense was committed is necessary to be charged in an indictment or information. As a general rule an indictment or information should be so definite and certain its its averments that it is apparent from the face thereof that an offense was committed. We think that by analogy the following cases support the opinion herein expressed: Walton v. State, 12 Tex. Cr. R., 117; Dailey v. State, 27 Tex. App., 569; Huffman v. State, 92 S. W., 419; Fossett v. State, 16 Tex. Cr. R., 375; Cole v. State, 81 Texas Crim. Rep., 202; Blackwell v. State, 30 Tex. Cr. R., 672; Rodgers v. State, 14 S. W. (2d) 1035, and authorities there cited.

By reason of the insufficiency of the information to charge an offense under the said article above quoted, the judgment of the trial court is reversed and the prosecution ordered dismissed.

*Judgment reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.