## SHELBY WALKER V. THE STATE.

No. 20732. Delivered January 24, 1940.
On Motion to Reinstate Appeal February 21, 1940.
Rehearing Denied March 27, 1940.

The opinion states the case.

*Owen & Bohannon,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is operating an open saloon; the punishment, a fine of $250.00.

The caption fails to disclose the date of the commencement of the term of court at which appellant was tried. See Cane State, 91 Tex. Cr. R. 500.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO REINSTATE APPEAL.

BEAUCHAMP, Judge.

The appeal in this case was dismissed because the caption failed to disclose the date of the commencement of the term of court at which the appellant was tried. By proper pro-

cedure, the record has been corrected and a motion filed to reinstate the appeal. The motion is granted and the case is herein considered on its merits.

An employee of the Texas Liquor Control Board appeared at the Crystal Cafe in the City of Brownwood on April 1, 1939, at about 12:45 p. m. together with a companion, and each ordered a sandwich. After receiving the sandwich, for which they paid J. M. Austin, they asked him if he could get them something to drink. He agreed to do so and took them in the back part of the cafe where Shelby Walker, the appellant, was instructed by the said Austin to give them anything they wanted. The witness then asked Walker for a drink of whisky, which he furnished them, and then they wanted to buy a half pint of whisky. He got a pitcher and poured a half pint of whisky out of it into a bottle, stopped it up and handed it to them. The witness handed Walker a $5.00 bill which he took to Austin and brought back the change. They paid fifteen cents each for the drinks and seventy-five cents for the half pint of whisky. The witness then left, and after labeling the bottle, turned it over to the deputy sheriff. This bottle with its contents was introduced in evidence.

It was admitted that the Local Option Law was in effect in Brown County and that the county was a dry area on April 1, 1939.

Irene Alexander, an employee of the Crystal Cafe, testified in behalf of the appellant that she, and no other person, waited on the witness and his companion, whom she identified as Hubert Knight, saying that she took the $5.00 bill and got the change; that they paid for the sandwiches. She denied that any liquor was sold to the witness or that Shelby Walker was working on that date. She detailed that Walker told her the night before that he was going to Mills County. The wife of Shelby Walker was also placed on the witness-stand and testified that her husband went to Mills County on April 1, 1939, leaving at five o'clock in the morning, for the purpose of aiding her father to round up some sheep. She also said that she went there in the afternoon and found her husband at her father's house in his work clothes. She offered to testify also as to statements made by her husband to the effect that he had been there during the day and what he had been doing. This testimony was excluded.

The representative of the Texas Liquor Control Board testified that he did not know the companion who was with him

and could not give his name. As above stated, Irene Alexander identified him as Hubert Knight, but he was not called as a witness by either the State or by the defense. Neither did the defendant testify in his own behalf.

The questions of fact, sufficient to make a case, were testified to by the representative of the Liquor Control Board and these facts were denied by two witnesses for the appellant. The jury passed on the questions of fact adversely to the appellant.

There are several bills of exception presented in the record, the first of which complains of the refusal of the court to instruct a verdict in favor of the defendant. This raised an issue as to whether or not the evidence is sufficient to warrant the jury in finding the defendant guilty. We conclude that the evidence is sufficient. Bill No. 1 is therefore overruled.

Bill of exception No. 2 complains of the remarks of the County Attorney and sets out the following language used in his closing argument: "The sheriff and county attorney would not prosecute this defendant if he were innocent." This statement would raise a serious question under some state of facts but the judge, in approving the bill, appended thereto the following qualification: "It is the recollection of the court that the county attorney in closing his argument stated to the jury that the case was in their hands and that neither he nor the sheriff had any desire to prosecute the defendant if he is not guilty."

Under the foregoing qualification, which was not excepted to by the appellant, no error appears. It is perfectly proper for the prosecuting attorney to say that neither he nor anyone else desires to prosecute any man if he is not guilty. Appellant vigorously attacks this qualification before this Court in his brief but unfortunately the record does not disclose that the qualification was excepted to at the time it was made. Therefore, under the rules, the accepted bill shows no error and is overruled.

Bill No. 3 complains of the action of the prosecuting attorney in passing to the jury the bottle of whisky introduced in evidence and permitting them to smell of the bottle. There is no denial as to the nature of the contents of the bottle, as stated in the bill, and therefore the act, if objectionable, became harmless.

Bill of exception No. 4 complains of the ruling of the court in refusing to permit the appellant's wife to testify to the things her husband said to her in Mills County late in the afternoon of April 1, 1939, that being the date on which the

offense is alleged to have been committed. She was attempting to prove an alibi, and the statement which the appellant made to her at that time was unsworn and would have been self-serving. It was hearsay testimony from this witness. We are not able to understand any theory upon which it would have been admissible.

Bill of exception No. 5 complains of the action of the court in excluding the testimony sought to be elicited from the witness J. M. Rich, on cross-examination, dealing with the name of the companion who visited the Crystal Cafe with him and details as to where the witness went and how long he stayed at other places during the day. This evidence was excluded on the ground that it was immaterial testimony. Under the circumstances of the case, the bill fails to disclose any importance in this evidence to the appellant, and we think the court properly excluded it.

No error being found in the record, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant urges that the language used by the prosecuting attorney was objectionable as conveying to the jury the opinion that both said attorney and the sheriff believed appellant to be guilty. There is nothing in the record to indicate that either of said officers had any knowledge of the case save as gathered from the evidence.

In Marinkovich v. State, 96 Tex. Cr. R. 59, 255 S. W. 734, we quoted with approval from Young v. State, 19 Tex. App. 536, as follows: " 'While it is true that authors in treating upon this subject say that counsel either for or against the prisoner should never express their opinion as to the guilt or innocence of the accused, yet we would hesitate at this day to reverse a judgment because of a violation of this rule.' "

As supporting the holding we cited Kennedy v. State, 19 Tex. App. 618; Spangler v. State, 42 Tex. Cr. R. 233, 61 S. W. 314; Hawkins v. State, 71 S. W. 756; Hinton v. State, 65 Tex. Cr. R. 408, 144 S. W. 617. We refer now to the following additional authorities. Ball v. State, 78 S. W. 508; Jackson v. State, 118 Tex. Cr. R. 443, 42 S. W. (2d) 433; Stalcup v. State, 130 Tex. Cr. R. 119, 92 S. W. (2d) 443.

The motion for rehearing is overruled.