ARTHUR SHELTON V. THE STATE.

No. 20734. Delivered March 6, 1940.
Rehearing Denied April 17, 1940.

The opinion states the case.

*Owen & Bohannan,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fine of $100.00 assessed against the appellant on a charge of violating the Local Option Law in Brown County.

The appellant operated a cafe in the front of which was a sign which read, "Shelton's Cafe." V. L. Delaney, representing the Texas Liquor Control Board, entered the place and approached the appellant, who was leaning up against the counter

near the front, and asked him for some whisky. To this the appellant replied that he would sell it to him but that "you can't take the whisky out of the cafe." He then directed the witness to Emmett McCombs, who went with him into the kitchen and sold him two drinks of liquor out of a bottle. The witness swallowed the first drink which he purchased but transferred the second to a tobacco can and kept it for evidence.

The prosecution is upon a complaint and information, the material allegation in the information being as follows: "Arthur Shelton on or about the 24th day of March, A. D., 1939, and before the filing of this Information, in the County of Brown and State of Texas, did then and there unlawfully operate and assist in operating an open saloon on the premises located at No. 110 Brown Street, in the city of Brownwood, Brown County, Texas, there situate, said premises then and there being a place where alcoholic beverages, to-wit, liquor (whisky), manufactured in whole and in part by the process of distillation, and alcoholic beverages, to-wit, liquor (whisky) composed and compounded in part of distilled spirits, were then and there sold and offered for sale for beverage purposes by the drink; and was then and there a place where such liquors were then and there sold and offered for sale for human consumption on the said premises where the same were sold and offered for sale."

The further allegation is made in the information to the effect that an election had been held to prohibit the sale of liquors in Brown County, and it was admitted in evidence that Local Option was in effect in said county.

The principal contention on this appeal is that the evidence is insufficient to sustain the conviction. There was a conflict between the evidence of the State's witness and that of the appellant. The province of the jury was to decide which of them correctly stated the facts. The statement of the evidence amply sustains the jury's verdict under the allegations.

It is also contended that under the Liquor Control Act, no violation of the law is alleged in the information. Article 666-3, Penal Code, in defining an "open saloon" is as follows:

"(a). The term 'open saloon' as used in this Act, means any place where any alcoholic beverage whatever, manufactured in whole or in part by means of the process of distillation, or any liquor composed or compounded in part of distilled spirits, is sold or offered for sale for beverage purposes by the drink or in broken or unsealed containers, or any place where any

such liquors are sold or offered for sale for human consumption on the premises where sold.

"(b). It shall be unlawful for any person, whether as principal, agent, or employee, to operate or assist in operating, or to be directly or indirectly interested in the operation or any open saloon in this State.

"(c). It shall be unlawful for any person to whom a Wine and Beer Retailer's Permit or Beer Retailer's License has been issued or any officer, agent, servant, or employee thereof to have in his possession on the licensed premises, any distilled spirits or any liquor containing alcohol in excess of fourteen (14) per centum by volume."

While subdivision (b) of Section 4, of Article 666 of the Penal Code prohibits the sale of whisky, beer, etc. in dry areas under any and all circumstances, the sale of such liquors in an "open saloon" is prohibited in the State of Texas without reference to whether or not the sale of liquor under other conditions is prohibited or allowed.

This is a case of first impression where we are asked to determine whether or not the law forbidding an "open saloon" applies to the "wet" or to the "dry" territory within the State. It is our view that the law prohibits an open saloon within the State without reference to other conditions, and that the operation of an open saloon, as defined by statute, is a violation of the law wherever situated.

Section 20 of Article 16 of the Constitution reads in part as follows: "(a). The open saloon shall be and is hereby prohibited. The Legislature shall have the power, and it shall be its duty to define the term 'open saloon' and enact laws against such."

When the people of Texas voted upon the constitutional amendment embracing the foregoing inhibition, it was without condition or limitation. The Legislature, in passing the Act defining an "open saloon," did so for the entire State. If it be true that they had in mind to prohibit the sale of liquor by the drink in the territory where it is authorized to be sold by the package, it does not follow that they intended to apply the open saloon law only to such territory. The Constitution prohibited the open saloon anywhere within the State and enjoined upon the Legislature the duty to enact laws accordingly. The Act is a general law applying to the entire State, and in the absence of specific wording making the limitation, we feel that this court should not so construe it.

It has been argued in this case that it would be a vain and foolish thing to prohibit the sale of liquor by the drink when under the local option provisions the sale had been prohibited in that territory in any and all forms. Under some conditions this argument might be logical but it is not necessarily conclusive under any condition. The history of legislation prohibiting the sale of intoxicating liquors in Texas will not aid in sustaining such a conclusion. Prior to the adoption of the Eighteenth Amendment and prior to the inhibition of the sale of liquor in the State of Texas, we were operating under a double form of statute by which one sale in local option territory was prohibited and punished as a misdemeanor. Note that it was a violation of the law to make even one sale. At the same time, the law prohibited one from engaging in the business and occupation of selling liquor. It might as well be argued that if one sale should be prohibited, the Legislature was doing a vain and foolish thing to make it a felony for one engaging in the business and occupation. Yet, that was a plain provision of the law which was never successfully challenged, and there is no holding that the latter applied to a limited territory. The only force of this illustration is that answering the argument for the implied construction that the open saloon statute would not apply to a dry territory. In the absence of any limiting provision, we think that the statute hereinabove quoted applies to the entire State and that one may be violating the law by operating an open saloon in a territory where the Local Option Law is in effect as well as in any other part of the State, if he is engaged in selling liquor by the drink in the manner defined by law.

The case is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant contends in his motion that the facts herein are insufficient to show that he was engaged in the business of running an open saloon.

The testimony shows that appellant was present in the Shelton cafe in Brownwood when an agent of the Liquor Control Board entered therein and asked for a sandwich, and appellant told one McCombs to fix him a sandwich. McCombs and the agent went back into the kitchen of the cafe. The agent had previously asked appellant for some whisky. Appellant said "I'll sell it but you can't take the whisky out of the cafe.' Arthur Shelton said that McCombs would wait on me. * * * After I

(the agent) went with Emmett McCombs back into the kitchen of the cafe I bought two drinks of whisky from Emmett Mc-Combs and paid him 15 cents each for the two drinks of whisky. * * * I bought the whisky from Emmett McCombs and paid him for it, in the Shelton cafe, while Arthur Shelton was in the cafe."

It seems to us that whisky was sold and offered for sale by the drink in this cafe, and that the appellant was concerned therein. That this fulfilled the definition of the phrase "open saloon" as contained in the statute. In the original opinion we held that the statute denouncing the operation of an open saloon is operative throughout the area of the whole State, and in our judgment the facts show that appellant has violated the statute prohibiting such operation.

It is objected that only two sales of liquor by the drink does not constitute the operation of an open saloon. The law denouncing such operation does not require that any sale be made. It will be observed that the statute defining an open saloon says in part:

"* * * or any liquor * * * is sold or *offered for sale* for beverage purposes by the drink * * * or any place where any such liquors are sold or *offered for sale* for human consumption on the premises where sold."

The motion is overruled.