# APRIL 17, 1940

## J. M. AUSTIN V. THE STATE.

No. 20733. Delivered March 6, 1940.
Rehearing Denied April 17, 1940.

The opinion states the case.

*Owen & Bohannan,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fine of $200.00 imposed by the County Court of Brown County on a charge of violating the Local Option Law.

The charge is the same as that in the case of Arthur Shelton v. State, No. 20,734, from Brown County, this day decided by the court (Page 126 of this volume). The questions of law raised are identical, and the opinion in that case is referred to and adopted herein so far as the questions of law are concerned.

J. M. Rich testified that on the first day of April, 1939, he went into the Crystal Cafe in Brownwood with a companion and ordered some sandwiches. He then asked appellant if they could get something to drink. He consented and took them to the back part of the cafe to a party named Shelby Walker and told him to let them have what they wanted. They asked him for a drink of whisky. He poured it out and sold it to them for which the witness paid fifteen cents. The witness then wanted to buy a half pint. Walker consulted the appellant in the hearing of the witness and it was agreed between them that they would sell the witness one-half pint, which they did for the consideration of seventy-five cents.

Appellant introduced no witnesses and made no denial of these facts. The evidence supports the verdict.

The case is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains in his motion because the court did not give in charge to the jury the law of circumstantial evidence. The evidence is short, and is epitomized in the original opinion herein. From such evidence we gather that the sale of this whisky was made by appellant operating through his agent, Shelby Walker. It will be noted that the State did not rely upon circumstantial evidence in order to establish its case, but instead had direct testimony that appellant directed his agent or employee, Shelby Walker, to make the sales to the State's witness. That these proven circumstances or transactions were relied upon to show the operation of an open saloon, does not, so we think, render the case one based upon circumstancial evidence. We see no error in failing to give such a charge.

The same point is herein raised in this motion relative to the sale of two drinks not constituting a violation of the law as

was raised in the Arthur Shelton case, our No. 20734, not yet reported, (Page 126 of this volume) and we refer to our holding therein in disposing of such contention.

The motion is overruled.