IRA MARCEL HONIGFELD V. STATE.

No. 31,277. January 6, 1960.

*Irving L. Bates,* San Antonio, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for operating an open saloon; the punishment, a fine of $200.

David M. Honigfeld, the father of appellant, was the owner of the Riviera Hotel in Castroville, Medina County. In the basement of that hotel was what was referred to as "The Riviera Country Club." The appellant was the director of and in charge of the operation of the club.

Sanford, undercover agent for the Texas Liquor Control Board, testified that, acting upon instructions from his superiors, he registered about six o'clock P.M., on May 20, 1959, into the hotel, after which David Honigfeld informed him that he "could purchase liquor in the private club," and that he was given a membership card showing that a club membership in "The Riviera" for the "month of 5-20-59" had been issued to "Mr. Sanford."

Shortly thereafter and while descending the stairway into the club, appellant joined Sanford and David Honigfeld. The latter then told appellant "To fix this boy up." Sanford then accompanied appellant into the club and told him that he (Sanford) would like "to have a double shot of Old Crow and Seven Up." Thereupon, appellant *"taken* a bottle off the shelf behind the bar and poured two shots of whisky into a glass with ice and then filled the rest of it up with Seven Up." After paying appellant one dollar, Sanford consumed the drink, which, according to his testimony, was whisky.

Testifying as a witness, appellant denied the transaction as testified to by the witness Sanford. He denied that whisky was sold in the club.

The defensive theory which was sought to be injected into the case was to the effect that only bona fide members of the club were served drinks from liquor which belonged to such members.

Inasmuch as appellant denied service of any drinks to the witness Sanford, obviously the proposed defense of service to members only is not raised by the testimony.

Appellant did not testify that he served any drinks to Sanford because he was a member or held a membership card in the club.

Sanford did not raise any such defensive theory by his testimony.

When the people of this state repealed statewide prohibition by the adoption of Art. 16, Sec. 20, of the Constitution of this state, the first provision of the amendment was that "The open saloon shall be and is hereby prohibited." In implementing that constitutional provision, the legislature defined the term "open saloon" as, among other things, any place where any alcoholic beverage of distilled spirits is sold or offered for sale for beverage purposes by the drink. It was made unlawful for one to operate an open saloon.

Sanford's testimony showed the operation of an open saloon by the appellant, and authorized the jury's conclusion of guilt. See: Shelton v. State, 139 Texas Cr. Rep. 126, 138 S.W. 2d 1078.

The judgment is affirmed.