William E. HUTCHINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 40990.

Court of Criminal Appeals of Texas.

Feb. 28, 1968.

Rehearing Denied April 24, 1968.

**236**

---

Blanchard, Clifford, Gilkerson & Smith, by George E. Gilkerson, Lubbock, for appellant.

Fred E. West, County Atty., Carson Smith, Jack Layne and T. John Ward, Asst. County Attys., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Operating an Open Saloon; the punishment, a fine of $100 and court costs.

The trial was before the court without the intervention of a jury.

Initially, appellant makes a two-pronged attack upon the sufficiency of the allegations of the information to show a violation of Article 666-3 Vernon's Ann.P.C., contending that the court erred in overruling his motion to set aside such information.

Omitting the formal parts, the material portion of the information reads as follows:

" * * * that in the County of Lubbock, in the State of Texas, on or about the 19th day of August A.D. 1966, one William E. Hutchins, did then and there unlawfully operate an open saloon, to-wit: a room in the Holiday Inn Parkway Motel where his employee Billie Meyers Bell did on said date sell whiskey by the drink to Keith E. DeShane and William E. Thomas * * *."

First, appellant contends the information fails to define an "open saloon" in the statutory language, to-wit:

" * * * any place where any alcoholic beverage whatever, manufactured in whole or in part by means of the process of distillation, or any liquor composed or compounded in part of distilled spirits, is sold or offered for sale for beverage purposes by the drink * * *." See Article 666-3(a), supra.

Appellant's reliance upon Weinberger v. State, 131 Tex.Cr.R. 308, 98 S.W.2d 356 is misplaced. In Weinberger the information stated only a legal conclusion and did not state facts which would bring the place in question within the statutory definition of an open saloon. In the case at bar the information sets forth sufficient facts to show that the place alleged to have been operated by appellant to come within the statutory definition of an open saloon.

We reject appellant's contention that to be valid the information must include the exact words of the statutory definition of an "open saloon." We conclude that the information sufficiently sets forth the offense in plain and intelligible words in such a manner as to enable a person of common understanding to know what is meant and to give the accused notice of the particular offense with which he is charged.

Secondly, appellant urges that the information failed to charge an offense under Article 666-3, supra, since there was no allegation that the appellant was either directly or indirectly interested in the operation of an open saloon.

Article 666-3(b) provides the following:

"It shall be unlawful for any person, whether as principal, agent, or employee, to operate or assist in operating, or to be directly or indirectly interested in the operation of any open saloon in this state."

The information sufficiently charged that the appellant did "unlawfully operate an open saloon." Since the statute is framed in the disjunctive, there was no necessity for the additional averment that appellant was "directly or indirectly interested" in the operation of an open saloon. Cf. Willson's Criminal Forms, 7th Ed., Sec. 868, p. 223.

In his second ground of error appellant challenges the sufficiency of the evidence to sustain the conviction.

On August 19, 1966, between 7:00 and 7:30 p. m., Inspectors DeShane and Thomas from the Texas Liquor Control Board went to the Holiday Inn on Parkway Drive in Lubbock, Texas. They entered a small room containing a bar and tables called the "Roman Room" and were greeted by Mrs. Billie Meyers Bell (Allen). No other persons were present. After they had stated that they were not guests at the motel, Mrs. Bell (Allen) inquired if they would care for something to drink and the inspectors each ordered a bourbon and coke. Mrs. Bell mixed the drinks in their presence using coke and Champion bourbon, and then served the inspectors who paid for the drinks. When the drinks had been consumed the inspectors ordered a second round upon Mrs. Bell's inquiry. Shortly after these drinks had been served and paid for, Inspectors Goetz and Albro entered the "Roman Room" and presented a search warrant to Mrs. Bell who called the manager of the motel. Inspectors DeShane and Goetz identified appellant as the manager who appeared four or five minutes later. Upon being informed of the violation Goetz related that appellant stated that he had bought the drinks for DeShane and Thomas, who had left the room and who had not been identified as being from the Liquor Control Board; that the liquor in the bottle was his; that he did not know he was violating the "private club registration permit" law.

Inspector Goetz confiscated a partially filled bottle of Champion bourbon which was introduced into evidence over appellant's objection. A blank form of a membership card for the "Holiday Inn Parkway Roman Room" which was taken from a number of similar cards on the bar was introduced without objection. Said card contained printed rules to the effect that the "Roman Room" was for members and their guests only, and that "Roman Room" personnel could not handle liquor. Inspector Goetz testified that the Liquor Control

Board records indicated that at the time neither the "Roman Room" nor the "Holiday Inn Parkway" had a private club registration permit, though such club had since obtained such a permit.

Mrs. Billie Meyers Bell (Allen) testified that she was employed as a cashier of the restaurant at the Holiday Inn on the 19th day of August, 1966, and she knew the appellant as the Manager of the Holiday Inn in question. She refused to answer other questions claiming her privilege against self-incrimination.

Appellant offered no evidence in his behalf.

Appellant contends that the evidence does not show his participation or connection in the sale of the whiskey, that the membership card demonstrates Mrs. Bell (Allen) was acting outside the scope of her authority as an employee, and that there is no showing the confiscated bottle of Champion bourbon was the bottle used to serve Inspectors DeShane and Thomas.

We deem the evidence sufficient to support appellant's conviction.

In the trial of one who has been charged with the offense of operating an open saloon, testimony as to a single sale of intoxicating liquor by the drink is sufficient to sustain a conviction. Austin v. State, 139 Tex.Cr.R. 63, 138 S.W.2d 1080; Shelton v. State, 139 Tex.Cr.R. 126, 138 S.W.2d 1078 (two drinks). Such a conviction is also sustained by the direct testimony of the buyer as to his purchase of a drink of liquor. Walker v. State, 138 Tex.Cr.R. 660, 137 S.W.2d 1033. The prosecution need not show that the sale was made by the accused himself; testimony of a sale by another at the direction of the accused is sufficient. Shelton v. State, supra. Appellant's connection with the "Roman Room" and the Holiday Inn as manager under the circumstances presented warrants his conviction, despite the intendment of any printing on an unused membership card. See Article 666–3a, Sec. 6, V.A.P.C. Whether the

confiscated whiskey bottle was the one actually used to serve the inspectors is of no material consequence since there was testimony by Inspector DeShane that he saw Champion bourbon being used to mix his drink of bourbon and coke.

Appellant's second ground of error is overruled.

 In his third ground of error appellant urges the trial court erred in admitting into evidence the bottle of Champion bourbon seized pursuant to an invalid search warrant. We need not pass upon the validity of the search warrant, for the search was valid without a search warrant since the "Roman Room" was holding itself out to be a club. Article 666–15e, Sec. 4, V.A. P.C.[1] The State also cites and relies upon Articles 666–31 and 666–42, V.A.P.C.

If the bottle of bourbon was improperly admitted, it is presumed the trial judge as the trier of the facts disregarded the same. 57 Tex.Juris.2d, 328, 329, Sec. 571.

The judgment is affirmed.

---

1. It appears that 18 cases of beer stored in the "Roman Room" at the time also were confiscated by Inspector Goetz.