**Thomas Rogers LICHTEN et al., Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40871.**

Court of Criminal Appeals of Texas.

March 6, 1968.

Rehearing Denied May 22, 1968.

Appeal Dismissed Oct. 28, 1968.

See 89 S.Ct. 259.

Dixie & Schulman by Chris Dixie, Robert E. Hall, George C. Dixie, Houston, for appellants.

Robert T. Burns, County Atty., Huntsville, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The appellants, Thomas Rogers Lichten, William Boyd Oliver, III, William Cody Wilson, Billy Charles Malone, Frank Pinkerton, Wallace B. Poteat, Robert V. Stone, Vernice Wayne Oakes, Harry Hall Womack, III, Anthony C. Kneupper, Jr., Thomas Alfred Hipp, Arthur R. Yarbrough, Gilbert Campos, Van Richard Viebig, Jr., Anya Allister, Margaret T. Poteat, Anne Keith Finlayson, Joe Terry Hawthorn, Paula B. Hawthorn, Julie C. Cadenhead, Lynda N. Shaffer, and Marguerite F. Corley were jointly charged, by information, in the County Court of Walker County, with the offense of unlawful assembly.

Upon a trial before the court without a jury, on their pleas of not guilty, the appellants were convicted and each assessed punishment at a fine of $100, except the appellant William Boyd Oliver, III, whose punishment was assessed at a fine of $250.

The prosecution is under Arts. 439 and 449 of the Vernon's Ann.Penal Code of this State, which provide:

"Article 439. 'Unlawful assembly'

"An 'unlawful assembly' is the meeting of three or more persons with intent to aid each other by violence or in any other manner either to commit an offense or illegally to deprive any person of any right or to disturb him in the enjoyment thereof."

"Article 449. 'To prevent any person from pursuing his labor'

"If the purpose of the unlawful assembly be to prevent any person from pursuing any labor, occupation or employment, or to intimidate any person from following his daily avocation, or to interfere in any manner with the labor or employment of another, the punishment shall be by fine not exceeding five hundred dollars."

The information, omitting its formal parts, charged that on or about the 25th day of July, 1965, in Walker County, Texas, the appellants

" * * * did then and there unlawfully meet together with the intent and purpose to aid each other, and by so aiding each other did thereby occupy and sit in chairs placed at various tables and by sitting within the booths, and at the counters on the counter stools placed thereat within the Cafe Raven situated within said County and State, and thereby by intimidation with their bodies did block the use of said tables and the chairs placed thereat, and the booths and the tables placed there between, and the counters and counter stools placed thereat and thereby prevented members of the public and patrons of the said Cafe Raven to occupy and use the aforesaid tables and the chairs placed thereat, and the aforesaid booths and the tables there between, and the counters therein and the counter stools placed thereat where food and drink were regularly there served to members of the public and patrons, and said Defendants did thereby deprive and prevent ABE DABAGHI, hereinafter styled Complainant, of his right to pursue his occupation, employment and labor as

the then owner and operator of the said Cafe Raven, and to then and thereby disturb said complainant in his said right to so operate said Cafe Raven and the employment of his labor and industry in the furtherance thereof; that is, the said complainant was then and there lawfully pursuing and engaging in the occupation, employment and labor of operating and maintaining a cafe, and the purpose of the said unlawful assembly and the intent of said defendants, engaged thereby, was then and there to prevent and deprive the said complainant from pursuing said occupation, employment and labor and to intimidate him from following his avocation and to interfere with his occupation, employment and labor * * *."

■ Appellants excepted to the substance of the information on the ground that "it does not appear from the face of the same that an offense against the law was committed * * *" and to the form of the information on the ground that "the offense attempted to be charged in the information is not set forth in plain and intelligible words."

Such exceptions to the information were by the court overruled, which action of the court constitutes the basis for appellants' grounds of error Nos. I and II.

As we understand appellants' contention, it is that the information failed to allege that appellants met with *the intent* to aid each other *by violence or some other means* to accomplish a prohibited objective.

A reading of the information shows it did allege that the appellants unlawfully met together with the intent and purpose to aid each other by sitting in the complainant's cafe to prevent and deprive him of the right to pursue his occupation, labor, and employment as owner of the Cafe Raven. Generally, the information follows the form found in Willson's Texas Criminal Forms, Seventh Edition, Sec. 509, at page 150.

Briscoe v. State, 170 Tex.Cr.R. 321, 341 S.W.2d 432, cited by appellants, is not here controlling, because in that case the defect in the information was the allegation, in the disjunctive, that the unlawful meeting was with the intent to aid each other "by violence *or* in some other manner * * *."

There is no allegation in the instant information in the disjunctive.

Cole v. State, 81 Tex.Cr.R. 202, 194 S.W. 830, cited by appellants, is not here controlling, because in that case the information alleged neither the intent to aid each other by violence nor to aid each other in any other manner.

In the instant case, the allegations of the information as to the means are sufficient to aver that the appellants' intent to aid each other was *by sitting in the complainant's cafe,* as alleged in detail therein.

While the information is not approved as a model form, we find the allegations therein sufficient to charge an offense under Arts. 439 and 449, supra, and overrule appellants' first two grounds of error.

■ In their exceptions to the information, appellants also challenged the constitutionality of Arts. 439 and 449, supra, on the ground that the two statutes violate the First and Fourteenth Amendments to the Constitution of the United States, which guarantee to all persons due process of law and freedom of speech, assembly, and the right of peaceful petition for the redress of grievances. By further exceptions, appellants challenged the constitutionality of the two statutes on the ground that they were vague and indefinite as to the acts prohibited. These exceptions were by the court overruled—which action is the basis of appellants' points of error Nos. III and IV.

Appellants, in their brief, concede that a state may, by statute, make it unlawful for a person to prevent any person from engaging in his lawful vocation (Art. 1621b, P.C., as amended) or to produce injury or damage to the property, person, or life of

another person (Art. 466a, P.C., incitement to riot), but insist that the two statutes in question are void for vagueness. Specifically, appellants point to the language, found in Art. 439, supra, "in any other manner," "to commit an offense," and "to disturb him [any person] in the enjoyment thereof," as making the statute vague and indefinite.

Numerous decisions by the Supreme Court of the United States holding statutes unconstitutional under the void-for-vagueness doctrine are cited by appellants in their brief:

In Wright v. State of Georgia, 373 U.S. 284, 83 S.Ct. 1240, 10 L.Ed.2d 349, the state's (Georgia's) breach-of-the-peace statute was struck down by the Supreme Court of the United States because it was construed as punishing conduct which could not constitutionally be punished. The decision involved the civil and constitutional rights of Negroes to be in a public park and is not deemed controlling here.

Cantwell v. State of Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213, involved a conviction for the common law crime of inciting a breach of the peace of general and undefined nature, and Ashton v. Kentucky, 384 U.S. 195, 86 S.Ct. 1407, 16 L.Ed.2d 469, was a conviction for the common law offense of criminal libel based upon a concept of the most general and undefined nature. Edwards v. South Carolina, 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697, and Cox v. State of Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471, were convictions for breach of the peace where the offense was imprecisely defined. In Herndon v. Lowry, 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed. 1066, a Georgia insurrection statute which made no reference to force or violence except by the phrase; "combined resistance to the lawful authority of the state," was held invalid because of vagueness.

We do not deem these cases as applicable to the statutes here involved—which statutes, in our opinion, are neither vague nor speculative as to their meaning.

As written, Arts. 439 and 449, supra, give fair notice to a person as to the acts and conduct constituting the offense of unlawful assembly. Nor do we agree that Arts. 439 and 449, supra, are invalid as limiting persons' First-Amendment freedoms, as denounced in N.A.A.C.P. v. Button, 371 U.S. 516, 83 S.Ct. 328, 9 L.Ed.2d 405, by the Supreme Court of the United States in a civil rights case.

 In their last grounds of error Nos. V, VI, VII, and VIII, appellants question the sufficiency of the evidence to support their conviction, in view of the Civil Rights Act of 1964, pertaining to public accommodations: 42 U.S.C.A., and particularly to Secs. 2000a(a) and 2000a-1 and 2000a-2 thereof, which provide:

Sec. 2000a(a): "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."

Sec. 2000a-1: "All persons shall be entitled to be free, at any establishment or place, from discrimination or segregation of any kind on the ground of race, color, religion, or national origin, if such discrimination or segregation is or purports to be required by any law, statute, ordinance, regulation, rule, or order of a State or any agency or political subdivision thereof."

Sec. 2000a-2: "No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive, any person of any right or privilege secured by section 2000a or 2000a-1 of this title, or (b) intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege

secured by section 2000a to 2000a-1 of this title, or (c) punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 2000a or 2000a-1 of this title."

A disposition of the grounds of error necessitates a brief statement of the facts:

The complainant, Abe Dabaghi, seventy-two years of age, operated in the city of Huntsville the Cafe Raven, which was open to and served the general public. On Sunday, July 25, 1965, twenty-six white persons, including the twenty-two appellants, came into the cafe shortly after four o'clock, p. m. Not all twenty-six entered at the same time but came in at separate intervals and seated themselves so as to have—with possibly two exceptions—only one person sitting at a table or booth. Eventually, all tables and booths and every other stool at the counters were occupied by the group. Some of the group ordered coffee, some, Coca Cola, and some merely wanted water. Later, around six o'clock, p. m., as customers entered the cafe and were waiting to be seated, the complainant asked one of the persons seated at a table to move and sit with another person sitting alone at another table. The person refused, saying he wanted to sit by himself. The complainant then asked the man seated with two ladies at another table, "what's going on," and he replied, " * * * we are going to sit down, we want you to integrate * * *." When the complainant replied that he had already integrated and asked them several times to leave, they refused. The appellant Reverend Oliver then informed the complainant that the group was going to sit in the cafe until he integrated the place and hired Negro waitresses. The complainant again informed the group that he had integrated the cafe the night before and had served Negroes that Sunday morning. The group still refused to leave, and Reverend Oliver stated, "Well, you haven't officially notified HA-YOU that your cafe is integrated. If you will notify HA-YOU, we will leave." An effort was then made to give such notice to a Reverend Sampson, of HA-YOU, but to no avail. The record shows that appellants were then removed from the cafe, around seven o'clock, p. m., by duly elected officers, upon process legally issued. As a result of the sit-in by appellants, the complainant was unable to serve customers who came into his place of business.

It is first insisted that since the evidence showed that the cafe in question served interstate travelers and was a place of public accommodation within the purview of the Civil Rights Act the appellants were not subject to prosecution for exercising their rights secured by the act and that their special plea, filed under Art. 27.02, Vernon's Ann.C.C.P., setting forth facts why they should not be prosecuted, should have been sustained. It is further insisted that the evidence is insufficient to sustain the conviction because the proof shows that the appellants' only purpose in sittting in the cafe was to persuade the owner to comply with the federal statute prohibiting discrimination or segregation on the ground of race, color, religion, or national origin.

We find no merit in said contention, as the record shows that the complainant had integrated the cafe and so notified the public before appellants entered and conducted their sit-in on the day in question. Appellants were so advised but continued to sit in the cafe, with a demand that the owner notify a certain organization before they would agree to leave. Clearly, they were not asserting their civil rights or the rights of others in so conducting themselves.

In refusing to permit appellants to offer evidence of the segregation policies of the cafe prior to the time it was integrated on the night of July 24, the court did not err.

We find the evidence sufficient to sustain the appellants' conviction for the offense of "unlawful assembly" under Arts. 439 and 449 of the Texas Penal Code.

The judgment is affirmed.