**Billy Floyd JEMERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48598.

Court of Criminal Appeals of Texas.

June 12, 1974.

Rehearing Denied July 2, 1974.

---

John E. Rapier, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation.

Appellant was convicted of theft over the value of $50.00 on October 20, 1972, and assessed a four year sentence and placed on probation. One of the terms of his probation was that he commit no offense against the laws of the State of Texas.

On November 20, 1972, the State filed a motion to revoke probation alleging, among

other acts not necessary to discuss here, that appellant was arrested for unlawful assembly.[1]

By ground of error number one appellant contends that the evidence is insufficient to support the court's finding that he had violated the terms of his probation. The State's evidence was that during the business hours appellant and others, without permission, entered the private office occupied at that time by the Assistant City Manager, seated themselves at his desk, monopolized all the chairs, thereby bringing the business of that office to a halt, and even though repeatedly requested to do so, refused to leave.

The Assistant City Manager testified that because of the presence of appellant and his companions in his office he was unable to carry out the duties and responsibilities of his office. This we conclude was sufficient to show a violation of Article 439, Vernon's Ann.P.C.[2], and the first ground of error is overruled.

By ground of error number two it is contended that Article 439, supra, is unconstitutional. Appellant concedes that this Court has held against his contention in Lichten v. State, Tex.Cr.App., 434 S.W. 2d 128, appeal dismissed, 393 U.S. 86, 89 S.Ct. 259, 21 L.Ed.2d 218, but in effect asserts that the opinion of the United States District Court for the Southern District of Texas in Medrano v. Allee, 347 F.Supp. 605, should now control.[3] We decline to agree. In passing, we point out that the facts before us here are more nearly equivalent to those before us in Lichten v. State, supra, than were before the Federal Court in *Medrano*.

Finding no abuse of discretion, the judgment is affirmed.

ROBERTS, Judge, concurs in this opinion, expressing the belief that a three Judge Federal Court is not authoritative.

---

1. No complaint was made to the trial court or is made on appeal as to the adequacy of the allegations in the motion to revoke.

2. Article 439, V.A.P.C. has been replaced by Article 42.02 of the new Texas Penal Code (effective January 1, 1974).

3. See Allee et al. v. Medrano, (1974), — U.S. —, 94 S.Ct. 2191, 40 L.Ed.2d 566.