Bobby Earl **HOLLINS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–83–0072–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 29, 1983.

Larry D. Dowell, Houston, for appellant.

Eleanor Montague, Houston, for appellee.

Before COHEN, WARREN and BULL-OCK, JJ.

## OPINION

COHEN, Justice.

The appellant was convicted by a jury of murder. The jury found that an enhancement paragraph alleging a prior conviction for burglary of a habitation was true and assessed punishment at imprisonment for ninety-nine years.

The appellant complains that the court committed reversible error by excluding the testimony of a defense witness, Preston Lloyd Nettles. The court sustained the State's hearsay objection to Nettles' testimony, and the appellant made a bill of exceptions. Nettles testified out of the jury's presence that during a conversation with the appellant, the appellant stated that the gun discharged accidentally after the appellant had placed it in the victim's face.

The appellant relies on Tex.Code Crim.Pro.Ann. art. 38.22 § 5 (Vernon 1982) which provides in pertinent part:

Nothing in this article precludes the admission of ... a voluntary statement [by the accused] whether or not the result of custodial interrogation, that has a bearing upon the credibility of the accused as a witness, or of any other statement that may be admissible under law.

Section 5 does not control the disposition of this case because the statement by Nettles was not excluded by any provision of article 38.22. Further, Nettles' statement had no bearing on the credibility of the accused as a witness because the appellant never testified at his trial. Article 38.22 sets out the circumstances under which a statement by an accused may be used against him. See Code of Criminal Procedure art. 38.21; 38.-22, § 2 and § 3; and art. 38.23. It does not repeal the hearsay rule or make an out of court statement offered for its truth admissible in favor of the accused. See *Nixon v. State,* 587 S.W.2d 709, 711 (Tex.Cr.App. 1979).

A case almost directly in point is *Walker v. State,* 138 Tex.Cr.R. 660, 137 S.W.2d 1033, 1035 (1940) in which the court stated:

Bill of Exception no. four complains of the ruling of the court in refusing to

permit the appellant's wife to testify to the things her husband said to her in Mills County late in the afternoon of April 1, 1939, that being the date on which the offense is alleged to have been committed. She was attempting to prove an alibi, and the statement which the appellant made to her at that time was unsworn and would have been self-serving. It was hearsay testimony from this witness. We are not able to understand any theory upon which it would have been admissible.

See also *Singletary v. State,* 509 S.W.2d 572, 576 (Tex.Cr.App.1974); *Dominguez v. State,* 445 S.W.2d 729, 731 (Tex.Cr.App. 1969); *Cazares v. State,* 488 S.W.2d 455 (Tex.Cr.App.1972). If we adopted the appellant's position, it would mean that all self-serving hearsay statements by an accused would be admissible. The authorities relied upon by the appellant do not support such a rule. The appellant relies upon *Autry v. State,* 626 S.W.2d 758 (Tex.Cr.App. 1982), *Chambliss v. State,* 647 S.W.2d 257 (Tex.Cr.App.1983), and *McGilvery v. State,* 533 S.W.2d 24 (Tex.Cr.App.1976). Each of these cases affirmed a judgment of conviction and held that evidence offered by the State tending to incriminate the accused was admissible under article 38.22. None of these cases reversed a conviction or held that it was error under article 38.22 to exclude hearsay evidence offered by the accused which, if believed, would relieve him of criminal liability. Ground of error number one is overruled.

The judgment is affirmed.