**Marvin TERRELL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–88–038–CR.**

Court of Appeals of Texas, Beaumont.

Feb. 22, 1989.

Gary W. Bunyard, Liberty, for appellant.

Steve Greene, Michael R. Little, Anahuac, for appellee.

## OPINION

BROOKSHIRE, Justice.

This is an appeal from a conviction for the offense of Aggravated Robbery. Appellant was indicted as a habitual offender. Appellant pleaded not guilty. The jury found the Appellant guilty of the offense and assessed his punishment at confinement for life in the Texas Department of Corrections. The jury found the enhancement paragraphs to be "true". Also, the jury entered an affirmative finding on the issue of exhibiting a deadly weapon during the commission of the offense. The Appellant appeals.

In the Appellant's first point of error he alleges that "the trial court erred in denying Appellant's motion for discovery seeking criminal information on the witnesses for the State." The Appellant places great reliance on the fifth circuit case of *U.S. v. Auten*, 632 F.2d 478 (5th Cir.1980). The Appellant's reliance on this case as authority is clearly misplaced for several reasons. First, the Court of Criminal Appeals is not bound by the decision of a lower federal court on most matters. *Stewart v. State*, 686 S.W.2d 118 (Tex.Crim.App.1984) and *Flores v. State*, 487 S.W.2d 122 (Tex.Crim. App.1972). Secondly, a disclosure requirement such as that requested by the Appellant would have placed the prosecutor in direct contravention of the Open Records Act. See *TEX.REV.CIV.STAT.ANN. art. 6252-17a, sections 3(a)(1), 3(a)(8) and 10(a) and (e).* (Vernon Supp.1989).

Under the Open Records Act, the only mode to legally release such records is if the witness, during an interview, personally conveys this information either to a prosecutor or one of his agents. Only in this manner would the witness' right to privacy be relinquished.

Thirdly, the Appellant has failed to show if any such criminal records exist or that the prosecutor has withheld or suppressed any such evidence. Also, the Appellant has failed to prove how this information is favorable to him. Finally, Appellant has not shown how this information is material to

his defense. In other words, Appellant has failed to meet the requirements of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

■ Under Texas law, a defendant must offer some evidence that a witness has a criminal record, either by way of cross-examination or by bill of exception, so that a denial of discovery by the trial court caused error. *Smith v. State*, 721 S.W.2d 844 (Tex.Crim.App.1986). In the case at bar, the State called four witnesses. Two of the witnesses were law enforcement officers. The other two witnesses were both the victims and cashiers of the store that was robbed. The Appellant never did, in his cross-examination of the witnesses, ask if any of the witnesses had a possible prior criminal record, nor did he make a request that the trial court include any NCIC (National Crime Information Center) material or FBI report in his motion for discovery and inspection of evidence. Appellant simply failed in this respect, although his motion for discovery as to the witnesses' prior criminal record was granted by the court.

In *Smith, supra,* the Court held that before a defendant is entitled to discovery of matters related to his case the defendant must show good cause, materiality and that such requested information is in the possession, custody or control of the State or any of its agencies. See *TEX.CODE CRIM.PROC.ANN.* art. *39.14* (Vernon 1979). The Appellant certainly has not shown good cause. Hence, we overrule the Appellant's first point of error.

The Appellant's second point of error alleges that the trial court erred in denying Appellant's motion to suppress out-of-court identification. A defendant who attacks an out-of-court identification after an in-court identification has a heavy burden to sustain. See *Herrera v. State*, 682 S.W.2d 313 (Tex.Crim.App.1984). The record clearly shows that he did not meet this burden.

■ In determining whether the pre-trial or out-of-court identification of the accused by eyewitnesses was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification, we must review the totality of the circumstances. Some of the factors which can be considered in the totality of the circumstances includes the opportunity of the eyewitnesses to view the criminal at the time of the crime; the eyewitnesses' degree of stress; the accuracy of the eyewitnesses' prior description of the criminal; the level of certainty demonstrated by the eyewitnesses at the confrontation; and the length of time between the crime and the confrontation. See *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 401 (1972). The record clearly proves that the identification of the robber given by both eyewitnesses, Mildred Tindle and Jo Ann Perlik was reliable and accurate. Both eyewitnesses had an ample opportunity to view the robber at the time of the crime. The robbery occurred in a grocery store at approximately 9:00 a.m. Ms. Perlik and Ms. Tindle were able to view the robber for approximately ten minutes. Furthermore, Ms. Perlik testified that she saw the Appellant on two earlier occasions that same morning, on May 1, 1986, standing alongside the road. Ms. Perlik testified that her attention was drawn especially to his eyes, face and mouth as well as to his voice. Ms. Perlik testified that she was only four or five feet away from the robber during the time of the crime. Ms. Perlik positively identified the Appellant as the robber at trial.

Ms. Tindle, the second eyewitness, testified that she also was only four or five feet from the Appellant during the robbery. She testified to the actions on his part upon departing the store. Both eyewitnesses gave detailed and accurate descriptions of the Appellant as to his height, build, and clothing worn. These descriptions were told to the investigating officer. They described the robber as being a black male, approximately 5'10" in height, heavy set, wearing a gray shirt, black shoes and tan hat. The out-of-court line-up occurred just six days after the robbery. Both Ms. Perlik and Ms. Tindle were certain and positive of their description of the Appellant at the out-of-court line-up. Both Ms. Perlik and Ms. Tindle identified the Appellant as being the robber at trial.

The Appellant in his brief asserts several complaints about the procedures used during the line-up, all of which are without merit. The Appellant claims that the line-up was unduly suggestive due to the differences in facial hair of the four participants since Terrell had shaved off his moustache between the time of his incarceration and the line-up. The Appellant was specifically told by a Beaumont Police Department detective not to shave. Ms. Perlik testified that the Appellant was not clean shaven on the day of the robbery. Also, the Appellant complains that the line-up was suggestive because he was heavier than other participants and his skin tone was darker than the other participants. It is important and necessary to point out that none of these complaints as asserted by Appellant is sufficient to render the line-up unduly suggestive. *Turner v. State*, 600 S.W.2d 927 (Tex.Crim.App.1980). Although Ms. Perlik may have based part of her identification on the factor of the Appellant having a darker skin tone than other participants, she also relied on several other factors, including voice. Voice identification is sufficient in and of itself to prove identity. *McInturf v. State*, 544 S.W.2d 417 (Tex.Crim.App.1976). For the above stated reasons, we will overrule the Appellant's second point of error.

The third point of error addresses the denial of the trial court in failing to allow the Appellant the opportunity to cross-examine the State's witness, Doug Stanley, as to a self-serving hearsay statement made by the Appellant. The Appellant wanted the statement that he had made to Detective Stanley as to where he was on the day of robbery admitted into evidence. This statement made by him to the detective did not take place until two days after the line-up. It is well-settled law in this State, that a self-serving statement of this type made by a defendant is not admissible. *Singletary v. State*, 509 S.W.2d 572 (Tex.Crim.App.1974); *Reado v. State*, 690 S.W.2d 15 (Tex.App.—Beaumont 1984, pet. ref'd).

The Appellant's brief places reliance on *Fuentes v. State*, 673 S.W.2d 207 (Tex.App.—Beaumont 1984, pet. ref'd). *Fuentes* holds a trial court may exercise its discretion in restricting or limiting cross-examination of a witness but such restriction may amount to an unconstitutional denial of the right to confrontation. In other words, the right to free and unfettered cross-examination is basic to our adversary system. In the case at bar, the Appellant never testified, therefore, any statement made by Detective Stanley at trial had no effect on the credibility of the Appellant. See *Hollins v. State*, 661 S.W.2d 211 (Tex. App.—Houston [1st Dist.] 1983, no pet.). If we were to accept the Appellant's contention, it would result in self-serving hearsay statements of a defendant becoming admissible. This is contrary to settled case law. Therefore, we overrule his third point of error.

We affirm the trial court's judgment and sentence.

AFFIRMED.